**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**MCDANIEL DAVID WEATHERSBY**                                                 **PLAINTIFF**

**VS.**                                  **CIVIL ACTION NO. 3:13CV1048-LRA**

**SHELLEY F. TEW, ET AL**                                                    **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This cause came before the Court on November 14, 2014, for a hearing conducted under the authority of *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). The hearing also was conducted for discovery and scheduling purposes and to allow Plaintiff McDaniel David Weathersby an opportunity to orally explain his claims as set forth in the Complaint. The Court has considered Plaintiff's written claims under 28 U.S.C. § 1915(e)(2), utilizing his sworn testimony at this hearing.

**I.**      **FACTS**

Plaintiff is incarcerated in the East Mississippi Correctional Facility ("EMCF") in the custody of the Mississippi Department of Corrections ["MDOC"] as a convicted felon. According to Plaintiff, he has been sentenced to a lengthy period of time in MDOC custody, and he has already served 18 years. He has been pursuing the appeals in his case for years, and he finally found a paralegal who would work on his case. The paralegal was Gary Moore, and Moore worked for an attorney. Moore asked Plaintiff to send to him through the mail all of his paperwork, including his entire trial and appellate transcript, and everything else he had on his case. Plaintiff testified that all this legal work was about six inches thick. On or about March 21, 2013, Plaintiff requested that the EMCF legal assistance program

copy all of his criminal legal documents and mail them to the paralegal, Gary Moore, at 618 Trout Street, Tupelo, Mississippi, 388[6]01.

According to Plaintiff, Defendant Shelley F. Tew, the librarian, was supposed to have all of the paperwork copied and then brought to him. When she discovered how much there was, Plaintiff believes that she mailed his original papers instead of making copies. Plaintiff contends that this is against prison policy. When Plaintiff inquired about his paperwork, Ms. Tew was no longer at the library, and he heard that she had suffered from a stroke and he has not seen her since then. He learned that his paperwork had been taken to the mail room clerk and was mailed to an attorney, Greg Moore, in Columbus, Mississippi. The paralegal Gary Moore never received Plaintiff's legal papers.

According to Plaintiff, the log out sheet from the library stated that the package was mailed to Gary Moore on Trout Street in Tupelo, but the mailroom personnel told Plaintiff that it was sent to Greg Moore, the Columbus attorney. Apparently there is a prison rule that only an attorney may be sent legal mail. Plaintiff testified that he had previously had a habeas case regarding his conviction dismissed, but that it was dismissed without prejudice.

Plaintiff sued Shelley Tew, the librarian, because she was responsible for making the copies and assisting him in getting it mailed. Instead, she lost his legal documents, and that interfered with his access to the court and "impeded his ability to present his arguable constitutional claim of double jeopardy...." [1, p. 6]. He sued the mailroom worker, Mrs. Ratliff, because she would not help him in trying to find the package. He sued Warden

2

Buscher and Deputy Warden Ray Rice because of the way they handled his grievances. They did not try to help Plaintiff solve the problem of getting his legal paperwork back.

## II.   CONSTITUTIONAL CLAIMS

Prisoners clearly have a constitutionally protected right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350 (1996), citing *Bounds v. Smith*, 430 U.S. 817 (1977). Lack of access to legal materials may constitute an unconstitutional infringement on a prisoner's right of access to the courts. *Bounds,* 430 U.S. at 828. The right of access to the court is not unlimited, however, and includes "only a reasonable opportunity to file non-frivolous legal claims challenging [the prisoner's] convictions or conditions of confinement." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999), citing *Lewis*, 518 U.S. at 351. Interference that may have caused a delay could result in a constitutional violation. *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999).

However, in order to have standing to sue, and to prevail on an access-to-courts claim, an actual injury must result from the defendant's unconstitutional conduct. *Lewis*, 518 U.S. at 349; *Chriceol,* 169 F.3d at 317. A claim for deprivation of one's constitutional right of access to the courts must set forth in the complaint (1) "the underlying cause of action, whether anticipated or lost," and (2) "the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Cases based upon the constitutional right of access to courts are based on the recognition that the right is ancillary to the underlying claim, "without which a plaintiff cannot have suffered injury by being shut out of court." *Id.*

Accordingly, a plaintiff must set forth in his complaint the "nonfrivolous," "arguable" underlying cause of action and its lost remedy. *Id.* (citations omitted).

Plaintiff states in his Complaint that he was sentenced to two terms of 42 years in MDOC custody, having been convicted of robbery of two persons within the same business. According to Plaintiff, he has an arguable double jeopardy claim with "a more than likelihood of success" that is actionable under the Mississippi Post-Conviction Collateral Relief Act. He contends that the claim is not barred by the statute of limitations, although he does not explain why the three-year statute has not run.

Plaintiff filed a petition for writ of habeas corpus relief in this Court on February 10, 2012, in *Weathersby v. Horton,* Cause No. 3:12cv95-CWR-LRA. The undersigned recommended that the petition be dismissed as untimely under 28 U.S.C. § 2244(d), [2013 WL 635275] and the Court adopted that recommendation and dismissed the petition without prejudice on February 20, 2013 [2013 WL 635274]. The records in that case confirm that Plaintiff was convicted of armed robbery (Counts I and II) and business burglary (Count III) in the First Judicial District of the Circuit Court of Hinds County. He was sentenced on February10, 1999, to consecutive terms of 42 years imprisonment each on Counts I and II, and 7 years on Count III, all to be served consecutively. His conviction and sentence were affirmed by the Mississippi Court of Appeals on August 15, 2000. *Weathersby v. State*, 769 So.2d 857 (Miss.Ct.App. 2000), *reh'g denied*, Oct. 24, 2000, *cert denied*, Jan. 17, 2001. He later filed a post-conviction motion which was denied by the state courts.

Plaintiff cannot show that he has been injured by these Defendants' alleged interference with his attempts to mail his transcript and legal work to a Tupelo paralegal. Although he attempts to present his double jeopardy claim as viable, his habeas petition in this Court was dismissed as untimely one month before the March 2013 incident which gave rise to this civil suit. Even though the dismissal was "without prejudice," Plaintiff must still set forth facts which would show that the claim was viable and not barred by its untimeliness. He has failed to do so.

Plaintiff was convicted in 1999 of these crimes, and all applicable state and federal statutes of limitations have expired unless there are extraordinary circumstances. And, if there are such circumstances, Plaintiff could still obtain legal assistance and present the claims— he has set forth no deadline that he has missed due to Defendants' actions.

The law requires that Plaintiff set forth a specific, nonfrivolous, actionable claim that he has lost or will lose due to these Defendants' actions– he should show that he has been injured by being shut out of court due to their actions. Plaintiff's general assertions that he has a viable double jeopardy claim are insufficient as a matter of law. Plaintiff's habeas petition in this Court was dismissed *prior to* the loss of his transcript, so Defendants' actions had no effect on those proceedings. Plaintiff has not shown that he has another deadline in state court which may be lost, or was lost.

Plaintiff's own testimony confirms that any actions on the part of these Defendants were not motivated by intentional acts to harm him or his legal case. As to Ms. Tew, Plaintiff testified that "it's unprofessional." Further, "... it's really about the

unprofessionalism of the mail room and the law library.  It's really about that.  That's what it all led down to, just negligence."  42 U.S.C. § 1983 has never been interpreted to provide that negligence on the part of a prison official is a basis for a constitutional violation.  *Daniels v. Williams*, 474 U.S. 327 (1986).

In the *Christopher* case, the United States Supreme Court concluded that the underlying cause of action which the plaintiff contends is lost or affected must be specifically described in the complaint and must be clearly nonfrivolous.  *Id.* at 415-416.  There must also be a remedy available to the plaintiff in the underlying suit.  As discussed, Plaintiff has merely made conclusory, generalized allegations that he wants to file a habeas petition to include his claims of double jeopardy regarding convictions entered many years prior to the date of this lawsuit.  Under *Christopher*, Plaintiff's allegations are insufficient to state a cause of action for denial of access to the courts; much more specificity is required, as well as an injury.  Plaintiff has not set forth a constitutional claim, and this lawsuit must be dismissed.

## III.   CONCLUSION

Plaintiff was granted *in forma pauperis* [IFP] status by Order entered October 28, 2013 [6].  A district court may dismiss an IFP complaint as frivolous or for failure to state a claim under 28 U.S.C. § 1915 (e)(2)(B).  A complaint is frivolous if it lacks an arguable basis either in law or in fact.  *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  A *pro se* prisoner is entitled to develop his complaint factually before a proper frivolousness determination can be made.  *See Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir. 1994).  This Court

conducted the *Spears* hearing in order to "bring into focus the factual and legal bases of prisoners' claims." *Id.* at 9 (quoting *Spears,* 766 F.2d at 181).  This Court concludes that Plaintiff's claims against all Defendants are legally frivolous, lacking an arguable basis either in law or in fact.

IT IS THEREFORE ORDERED that the Complaint filed by Plaintiff is dismissed with prejudice, and Final Judgment in favor of Defendants shall be entered.

SO ORDERED, this the 18th day of April 2016.


S/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE